IRVING, J.,
for the court.
¶ 1. Regina Powell and Thomas Powell appeal from an order granting summary judgment to Methodist Healtheare-Jack-son Hospitals. Methodist’s motion for summary judgment was predicated on the assertion that the Powells failed to come forward with evidence of medical malpractice and/ or proximate cause through expert testimony or otherwise.
¶ 2. Finding no reversible error, this Court affirms the trial court’s judgment.
FACTS
¶ 3. Regina Powell was admitted to Methodist Healthcare-Jackson (Methodist) on or around May 18, 1998, by her general surgeon, Dr. Greg Fiser, for a laparoscopic removal of her gall bladder. During the procedure, straps were placed across the leg area to insure Powell’s body remained stable. After the surgery, Powell reported to the nursing staff that her left leg was “asleep.” At the request of Dr. Fiser, Dr. Donald Butts examined Powell in relation to her leg numbness. Dr. Butts opined that Powell was suffering from a mild compression injury to the tibial portion of her left sciatic nerve. Dr. Butts encouraged Powell to ambulate, stating that her symptoms should clear in a few days. Sometime later, Powell came under the care of Dr. Lon Alexander, a neurosurgeon, for evaluation and treatment of her leg numbness. Powell underwent operative exploration of her left peroneal nerve. The surgery revealed that Powell’s left pero-neal nerve was entrapped by fibrous bands of connective tissue somewhat just inferior to the fibular head. This condition was alleviated by Dr. Alexander through dissection and mobilization.
¶ 4. Prior to the gall bladder surgery, Powell had no pre-existing symptoms of peroneal nerve entrapment. Dr. Alexander opined that the peroneal nerve damage suffered by Powell was caused by either compression or insult to her leg; he also believed that the compression occurred while Powell was in the operating room for the gall bladder surgery. However, Dr. Alexander could not say with medical certainty what was the cause of the peroneal nerve damage. According to Dr. Alexander, it could have been from negligent or non-negligent etiology. Powell subsequently filed a lawsuit against Methodist claiming traditional medical malpractice and res ipsa loquitur as her theories of recovery. Powell complained that Methodist, and/ or its nurses, attendants, or other personnel, were the direct and proximate or contributing cause of her left foot and lower leg injuries. Powell’s husband joined the lawsuit, claiming loss of consortium as a result of his wife’s injuries.
¶ 5. Methodist filed its motion for summary judgment and asserted that Powell had no expert testimony which established a causal connection between Powell’s alleged left leg nerve injury and the alleged breaches in the nursing standard of care asserted against Methodist. Thus, Powell could not establish an essential element of the negligence claim, and therefore, that claim failed as a matter of law. Methodist also asserted that Powell’s res ipsa loqui-tur claim failed as a matter of law because Powell could not identify any instrumentality under Methodist’s control which caused a compression of her left peroneal nerve. Methodist further argued that Powell had *356 no proof that the alleged injury suffered by Powell is the kind of injury which does not ordinarily occur in the absence of negligence, and thus the res ipsa loquitur claim did not apply.
¶ 6. The trial court agreed with Methodist that there were no genuine issues of material facts and granted its motion for summary judgment. Other pertinent facts will be related during the discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. A motion for summary judgment is granted only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. M.R.C.P. 56(c); Brown v. Credit Ctr. Inc., 444 So.2d 358, 362-63 (Miss.1983). A material fact is a fact that tends to resolve any of the issues properly raised by the parties. Mosby v. Moore, 716 So.2d 551, 558(1135) (Miss.1998). An appellate court reviews summary judgments under the de novo standard and views the evidence in the light most favorable to the non-moving party. Id.
¶ 8. In a summary judgment proceeding, the plaintiff must rebut the defendant’s claim (i.e., that no genuine issue of material fact exists) by producing supportive evidence of significant and probative value. Fruchter v. Lynch Oil Co., 522 So.2d 195, 198 (Miss.1988).
¶ 9. Powell asserts that either medical negligence or some sort of pressure was inflicted on her left leg. Proximate cause is an essential ingredient of a claim of medical negligence; therefore, she must establish some causal connection between her injury and Methodist’s actions. Palmer v. Biloxi Reg’l Med. Ctr., Inc., 564 So.2d 1346, 1355 (Miss.1990). Powell also asserts that res ipsa loquitur is applicable because negligence can be inferred by the circumstances surrounding her injury. This Court must determine whether Powell created a triable issue of material fact regarding her claim that Methodist’s staff negligently strapped her down during her gall bladder surgery, thus causing pero-neal nerve entrapment.
¶ 10. As we have already observed, Methodist submits that (1) Powell offered no expert testimony which established a causal connection between her alleged left leg nerve injury and the alleged breaches in the nursing standard of care asserted against Methodist, and that (2) Powell faded to present any proof that the alleged injury suffered by her is the kind of injury which does not ordinarily occur in the absence of negligence. We agree.
¶ 11. Unless the matter in issue is within the common knowledge of laymen, the case law of this state is clear that “in a medical malpractice action, negligence cannot be established without medical testimony that the defendant failed to use ordinary skill and care.” Phillips ex rel. Phillips v. Hull, 516 So.2d 488, 491 (Miss.1987) The supreme court has held that in order to recover under a negligence action, a plaintiff has the burden of proof to show by preponderance of the evidence the defendant’s negligence. Id. at 491 (citing Latham v. Hayes, 495 So.2d 453 (Miss.1986); Hammond v. Grissom, 470 So.2d 1049 (Miss.1985)). Expert testimony is used to establish the standard of acceptable professional practice; that the defendant physician deviated from that standard; that the deviation from the standard of acceptable professional practice was the proximate cause of injury which the plaintiff complains, and that damages to the plaintiff resulted. Id.
¶ 12. Dr. Lon Alexander, one of Powell’s experts, failed to demonstrate that Methodist deviated from the standard *357 of care while treating Powell in a manner which proximately resulted in harm to her. By deposition, Dr. Alexander gave the following testimony:
Q. Okay. If you would assume for me that a patient goes in for gall bladder surgery like this. And again, we’re going off what you understand based on your knowledge, training and experience. Patient goes in for gall bladder surgery. They have a safety strap placed at mid-thigh. Okay? And that strap is loose enough to where you can fit a hand underneath the strap. You can just slide your hand underneath the strap.
Post surgery, the patient complains of numbness, pain, originating at the knee down. EMG nerve conduction studies show a block at the fibular head, peroneal conduction block at the fibular head. Based on your knowledge, training and experience, and to a reasonable degree of medical probability, based on those facts, could you say to a reasonable degree of medical probability that the strap proximately caused or contributed to the compression of the peroneal nerve?
A. Taking the total predicate, I would say that the strap probably did not cause that. I would look to another etiology, (emphasis added).
Q: Okay.
A: But I would still look to the operating room.
¶ IB. This Court demands a showing of not only a standard of professional practice and care but also needs a showing of injury to the plaintiff that was proximately caused by deviation from this standard before a claim of medical malpractice will lie. Phillips, 516 So.2d. at 491. Powell has not demonstrated a standard of professional care, nor has she shown any deviation from any standard. She has only shown that she went into her gall bladder surgery without complaints of leg numbness and came out of the surgery with them.
¶ 14. Powell failed to establish negligence in her other offer of expert testimony as well. The expert she questioned on the nursing standard of care during her gall bladder surgery also failed to establish a deviation from a standard. Brenda Bre-gande stated the following:
Q: Do you have any information or knowledge that they [operating room staff] weren’t careful in placing that strap?
A: I have no way of knowing that, because I see nothing in the records to indicate how the strap was placed or the second time the strap was placed on the patient. I only know how it was placed the first time which looked perfectly normal, (emphasis added).
Q. And do you have any information or information that there was any external pressure placed on Mrs. Powell’s leg during the course of that procedure?
A. I cannot find in the records any other area where we might conceive that the patient had pressure other than in the operating room.
Q. That is not my question. My question was, do you have any information or knowledge that there was any external pressure placed on her leg during the course of that procedure?
A. According to the record, no.
¶ 15. Powell does not carry her burden of establishing negligence by Methodist through either the testimony of Bregande or the testimony of Dr. Alexander. No casual connections are linked between *358 Powell’s injuries and Methodist’s actions. Additionally, Powell fails to offer or attempt to offer any other expert testimony on causation.
¶ 16. An appellate court conducts a “de novo review of the orders granting and denying summary judgment and looks at all evidentiary matter before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.” Burkes v. Fred’s Stores of Term., Inc., 768 So.2d 325, 328(¶ 6) (Miss.Ct.App.2000) (citing Aetna Cas. and Sur. Co. v. Berry, 669 So.2d 56, 70 (Miss.1996)). More precisely, the non-moving party may not rely solely upon the unsworn allegations in the pleadings, or “arguments or assertions in briefs or legal memoranda.” Palmer, 564 So.2d at 1356 (quoting Magee v. Transcontinental Gas Pipe Line Corp., 551 So.2d 182, 186 (Miss.1989)).
1117. This Court thoroughly examined the record and found no evidence in the pleadings where Powell propounds or articulates any genuine issues of material facts. Specifically, Powell responded to Methodist’s motion for summary judgment by simple stating, “Genuine issues of material facts exist and defendant is not entitled to judgment as a matter of law.”[1] The party opposing the motion must set forth specific facts showing that there are indeed genuine issues for trial. Fruchter, 522 So.2d at 199. Powell failed to assist this Court in pinpointing genuine issues of material facts, and as already stated, this Court could not find any. We reiterate that mere allegations that there are genuine issues of material facts are insufficient to generate a triable issue or issues of fact and avoid an adverse rendering of summary judgment. Palmer, 564 So.2d at 1356 (citing Smith v. Sanders, 485 So.2d 1051, 1054 (Miss.1986)). We might also add here that the trial judge’s order granting summary judgment was not of any assistance to this Court either: There was no discussion of the evidence or lack thereof by the trial judge.
¶ 18. Finally, Powell asserts that the doctrine of res ipsa loquitur applies in the instant case because an inference of negligence is raised. However, the injury does not “speak for itself’ giving rise to an inference that Methodist was negligent. Dr. Alexander affirmed that peroneal nerve damage could be caused by factors other than negligence. Dr. Alexander’s testimony follows:
Q. Based on your education, training, experience, what you know about peroneal nerve injuries, are these— are peroneal nerve injures the type of injuries that don’t ordinarily occur unless someone is negligent? Again considering this is a negligence lawsuit.
A: Yes, sir
A: And understanding that I don’t necessarily present myself as an expert of standard of care for an operating room nurse or anesthesiologist.
Q: Right. And I’m not asking you that.
A: They are rare lesions. They are, as far as etiology, in my experience in this setting where she went in without the symptoms and came out with them, I think in my mind, too, and above and beyond a reasonable degree of medical certainty, it’s likely that something compressed or traumatized that nerve.
Q: Can you say though, that that compression was the result of a negligent act? When you — I guess I am *359 asking, and it’s a specific question: When you see somebody that presents with a peroneal nerve injury, do you automatically consider the only possible cause as a negligent cause? (emphasis added).
A: No, sir. In that I would have to speculate as to the possible cause, and only after said speculation could I label it negligent of not. I could not tell you now that I am certain negligence occurred in the operating room this day. Only that — (emphasis added).
Q: Can peroneal nerve injuries happen from non-negligent sources? (emphasis added).
A: Yes, sir. (emphasis added).
¶ 19. The doctrine of res ipsa lo-quitur requires four elements:
1) the matter must be within the common knowledge of laymen;
2) the instrumentality causing the damage must be under the exclusive control of the defendant;
3) the occurrence must be such as in the ordinary course of things would not happen if those in control of the instrumentality used proper care; and
4) the occurrence must not be due to any voluntary act on the part of the plaintiff.
Brown v. Baptist Mem’l Hosp.-DeSoto, 806 So.2d 1131, 1135(¶ 17) (Miss.2002) (quoting Coleman v. Rice, 706 So.2d 696, 698(¶ 10) (Miss.1997)).
¶20. The evidence in the instant case does not satisfy all the elements for res ipsa loquitur to apply. First, the causes of peroneal nerve damage are not within the common knowledge of laymen. Second, there is no showing of an instrumentality under the exclusive control of Methodist that caused damage to Powell. Third, Powell’s expert witness, Dr. Alexander, acknowledged that the type of injury sustained by Powell could have been from negligent or non-negligent causes. The evidence does satisfy the fourth prong of the res ipsa loquitur test in that the evidence shows that Powell did not play a voluntary role in the damage to her pero-neal nerve because she was unconscious during her gall bladder surgery.
¶ 21. Powell failed to show that Methodist deviated from any standard of care or that Methodist proximately caused her peroneal nerve damage. Additionally, the facts do not permit application of the doctrine of res ipsa loquitur. Therefore, the judgment of the circuit court is affirmed.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY, FIRST JUDICIAL DISTRICT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ„ CONCUR. GRIFFIS, J„ NOT PARTICIPATING.

. Powell's response to Methodist’s motion stated only this one line affirmation followed by 157 pages of depositions, medical records, diagrams, and pleadings designating experts. She did not direct this Court to any specific place in the record where she offered competent evidence to establish genuine issues of material facts.