925 So.2d 151 (2006)
Margaret LYONS, Appellant
v.
BILOXI H.M.A., INC. d/b/a Biloxi Regional Medical Center, Inc. and Rehab Associates, LLC, Appellees.
No. 2005-CA-00193-COA.
Court of Appeals of Mississippi.
March 28, 2006.
*152 Joe Sam Owen, Gulfport, attorney for appellant.
Christopher Garrett Henderson, Mark P. Caraway, Harry Monroe Simpkins, Lynda Clower Carter, Jackson, attorneys for appellees.
EN BANC.
ROBERTS, J., for the Court.

SUMMARY OF THE CASE
¶ 1. Margaret Lyons filed a medical negligence suit against the Biloxi Regional Medical Center (BRMC) and Rehab Associates. After Mrs. Lyons designated her expert witnesses pursuant to an agreed scheduling order, BRMC and Rehab Associates filed a motion for summary judgment. The circuit court determined that Mrs. Lyons failed to tender certain necessary expert witnesses. Consequently, the circuit court granted BRMC and Rehab Associates's motion for summary judgment. Aggrieved, Mrs. Lyons appeals and raises the following issue, listed verbatim:
I. WHETHER THE LOWER COURT ERRED BY GRANTING SUMMARY JUDGMENT ON FACT MATTERS WITHIN THE COMMON KNOWLEDGE OF LAYMEN WHICH ARE EXCEPTIONS TO THE GENERAL RULE THAT EXPERT TESTIMONY IS REQUIRED IN SIMPLE NEGLIGENCE CASES.
Finding no error, we affirm the circuit court's decision.

FACTS
¶ 2. On August 22, 2000, Mrs. Lyons checked into BRMC for hip replacement surgery. Mrs. Lyons was seventy-two years of age and weighed about 260 pounds. On August 23, 2000, Dr. Charles Winters performed the hip replacement surgery without complications.
¶ 3. As part of her recovery, Dr. Winters ordered Mrs. Lyons to walk and put weight on her hip, to the degree that she could tolerate it. By Dr. Winters's orders, Mrs. Lyons began physical therapy on August 24, 2000.
¶ 4. Acting as independent contractors, Rehab Associates, LLC provided physical therapy services at BRMC. Rehab Associates employed Miriam Bosarge, a licensed physical therapist. Ms. Bosarge concluded that Mrs. Lyons was able to walk  at least for short distances.
¶ 5. On August 24, 2000, Ms. Bosarge and Christy Gill, a physical therapy assistant student, went to Mrs. Lyons's room to help Mrs. Lyons walk to the restroom. Five or six other therapy assistants and nurses were in the room. At Ms. Bosarge's request, Mrs. Lyons performed a number of exercises designed to identify Mrs. Lyons's range of motion and her ability to walk. Then, Mrs. Lyons moved from her bed to a bedside chair. As she sat in the chair, Mrs. Lyons performed additional exercises intended to help Ms. Bosarge determine whether Mrs. Lyons was able to walk.
¶ 6. Rehab Associates provided Mrs. Lyons with assistance as she made her way to the restroom, which was located in her hospital room. Mrs. Lyons used a "walker" for support as she walked the short distance to the restroom. Additionally, Mrs. Lyons wore a "gait belt." A gait belt is designed with attached rings that allows a physical therapist or therapist's assistant to help keep a patient in a standing *153 position. Ms. Bosarge held the gait belt while Mrs. Lyons walked to the restroom.
¶ 7. Mrs. Lyons walked to the restroom. Ms. Bosarge helped Mrs. Lyons to the toilet. Because the size of the restroom entrance prevented two people from assisting Mrs. Lyons to the toilet, Ms. Gill waited just outside the door.
¶ 8. On Mrs. Lyons's return trip, Ms. Bosarge helped Mrs. Lyons off the toilet. Mrs. Lyons held onto the walker, while Ms. Bosarge walked behind her and held onto the gait belt. Mrs. Lyons walked to the doorway, but was unable to go any further. Ms. Bosarge asked Mrs. Lyons to take two additional steps, so Ms. Gill could position a wheel chair behind her. According to Mrs. Lyons, she fell to the floor. Ms. Bosarge described Mrs. Lyons's descent as a "controlled descent." According to Ms. Bosarge, Mrs. Lyons ended up sitting on top of her.
¶ 9. Mrs. Lyons could not get up. She was assisted to her bed. An x-ray revealed that Mrs. Lyons dislocated her newly installed hip prosthesis. On August 25, 2000, Dr. Hawkins attempted a "closed reduction" of Mrs. Lyons dislocated hip. During Dr. Hawkins' attempt, Mrs. Lyons suffered an "avulsion fracture of the right greater trochanter." On August 30, 2000, Dr. Winters performed a successful "open reduction" of Mrs. Lyons dislocated hip and a "fixation of the fracture" to Mrs. Lyons's greater trochanter. BRMC discharged Mrs. Lyons on September 11, 2000.
¶ 10. On March 7, 2002, Mrs. Lyons filed a complaint against BRMC and alleged that BRMC neglected to provide her with proper care after she had hip replacement surgery. Later, Mrs. Lyons amended her complaint and included her physical therapy clinic, Rehab Associates, as an additional defendant.
¶ 11. On October 22, 2003, Mrs. Lyons, BRMC, and Rehab Associates entered an agreed scheduling order. According to that scheduling order, Mrs. Lyons agreed to disclose any expert witnesses on or before February 1, 2004. Mrs. Lyons tendered her designation of expert witnesses on January 28, 2004. Within that designation, Mrs. Lyons listed her experts and their anticipated opinions.
¶ 12. On October 10, 2004, BRMC and Rehab Associates filed a motion for summary judgment. Within their motion, BRMC and Rehab Associates claimed that Mrs. Lyons failed to identify any experts that would provide an opinion regarding the appropriate standard of care, whether BRMC or Rehab Associates breached that standard of care, or whether BRMC or Rehab associates caused Mrs. Lyons to suffer damages. That motion for summary judgment went before the Second Judicial District of the Harrison County Circuit Court on November 19, 2004. Following argument from the parties, the circuit court decided that Mrs. Lyons failed to disclose any expert witnesses that would establish a prima facie case of medical negligence. Accordingly, the circuit court granted BRMC and Rehab Associates's motion for summary judgment.

STANDARD OF REVIEW
¶ 13. Mrs. Lyons alleges that the circuit court improperly granted summary judgment in favor of BRMC and Rehab Associates. This Court conducts a de novo review of a decision whether to grant summary judgment. Potter v. Hopper, 907 So.2d 376(¶ 6) (Miss.Ct.App.2005). That review includes examination of evidentiary matters in the record in the light most favorable to the non-moving party. Id. Unless a triable issue of fact exists, *154 this Court will affirm the circuit court's decision. Id.

ANALYSIS

I. WHETHER THE LOWER COURT ERRED BY GRANTING SUMMARY JUDGMENT ON FACT MATTERS WITHIN THE COMMON KNOWLEDGE OF LAYMEN WHICH ARE EXCEPTIONS TO THE GENERAL RULE THAT EXPERT TESTIMONY IS REQUIRED IN SIMPLE NEGLIGENCE CASES.
¶ 14. Mrs. Lyons sued BRMC and Rehab Associates under a cause of action for medical negligence. To establish a prima facie case for medical negligence, a plaintiff must prove (1) the defendant has a duty to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) the defendant failed to conform to that required standard; (3) the defendant's breach of his duty was a proximate cause of the plaintiff's injury, and; (4) the plaintiff was injured as a result. Burnham v. Tabb, 508 So.2d 1072, 1074 (Miss.1987).
¶ 15. The circuit court granted BRMC's motion for summary judgment based on Mrs. Lyons's failure to tender an expert witness on the appropriate standard of care under the circumstances. The general rule is that medical negligence may only be established by expert medical testimony, unless a layman can observe and understand the negligence as a matter of common sense and practical experience. Coleman v. Rice, 706 So.2d 696, 698 (Miss. 1997). A trial judge's determination as to whether a witness is qualified to testify as an expert is given the widest possible discretion and that decision will only be disturbed when there has been a clear abuse of discretion. Palmer v. Biloxi Reg'l Med. Ctr., Inc., 564 So.2d 1346, 1357 (Miss.1990). Such discretion deserves equal respect at the summary judgment stage and the trial stage. Id.
¶ 16. According to Mrs. Lyons, it is not necessary to have an expert witness testify on this issue. Mrs. Lyons claims that whether BRMC and Rehab Associates provided the necessary care in transporting Mrs. Lyons to the restroom is a matter within the common knowledge of laymen. Specifically, Mrs. Lyons claims that "[i]t is ordinary negligence when a physical therapist, or any other individual in this setting, fails to assist a patient attempting to ambulate the day after a total hip replacement." Mrs. Lyons also states that "[i]t is a matter of common sense and practical experience that one is unable to ambulate without assistance the day after a total hip replacement." According to Mrs. Lyons, "[a] jury does not need an expert to assist it in determining whether an elderly patient who has just undergone surgery for a total hip replacement needs assistance to walk. These matters fall within the common knowledge of laymen and are exceptions to the rule that expert testimony is required in medical negligence cases."
¶ 17. Naturally, BRMC and Rehab Associates disagree with Mrs. Lyons. According to BRMC and Rehab Associates, the issue is whether Mrs. Lyons received assistance that was sufficient, appropriate, and in compliance with the applicable standard of care. BRMC points out a portion of Mrs. Lyons's deposition in which Mrs. Lyons stated "they had a belt around my waist that one physical therapist kept her hand on at all time." There is no dispute that Rehab Associates assisted Mrs. Lyons as she made her way to and from the restroom. BRMC concludes that the only issue is whether Mrs. Lyons received adequate and appropriate assistance from Rehab Associates. According to BRMC, expert testimony is necessary to resolve *155 whether Mrs. Lyons received such adequate and appropriate assistance.
¶ 18. In certain instances, a layman asked to evaluate medical negligence can "observe and understand the negligence as a matter of common sense and practical experience." Palmer v. Anderson Infirmary Benev. Ass'n, 656 So.2d 790, 795 (Miss.1995). For instance, a layman can understand without expert testimony that "the unauthorized and unexplained leaving of an object inside a patient during surgery is negligence." Coleman, 706 So.2d at 698. However, "[l]ay testimony is sufficient to establish only those things that are purely factual in nature or thought to be in the common knowledge of laymen." Id.
¶ 19. There is no dispute as to whether Mrs. Lyons received assistance on her trips to and from the restroom. It is clear that Mrs. Lyons wore a "gait belt." It is clear that Bosarge held onto that gait belt as Mrs. Lyons attempted to walk. The record reveals that Mrs. Lyons used a walker on her trips to and from the restroom. Two therapists actively assisted Mrs. Lyons. To present a prima facie case of negligence, Mrs. Lyons had to prove that she received care that deviated from the appropriate standard of care. Burnham, 508 So.2d at 1074. In our opinion, whether Rehab Associates or BRMC conformed to or deviated from the appropriate standard of care in the assessment and evaluation of Mrs. Lyons and in providing Mrs. Lyons with appropriate assistance to and from the restroom or otherwise providing proper physical therapy services incident to total hip replacement is not within the common knowledge of laymen. Accordingly, we affirm the decision of the circuit court.
¶ 20. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR. BARNES AND ISHEE, JJ., NOT PARTICIPATING.